**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Melida FLORES, a.k.a. La Dona, a.k.a. Nancy, a.k.a. Seal L, Defendant–Appellant.**

**No. 10–50498.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 28, 2012.*

Filed March 8, 2012.

Kevin M. Lally, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, Michael J. Raphael, Esquire, Christina T. Shay, Assistant U.S. Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

John Carl Lemon, II, Law Offices of John C. Lemon, San Diego, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Melida Flores appeals from the 108–month sentence imposed following her

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty-plea conviction for two counts of conspiracy with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846; and eleven counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(B)(iii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores contends that the district court erred by denying her a minor role adjustment under U.S.S.G. § 3B1.2(b). The district court did not commit clear error by concluding that Flores was not a minor participant. *See United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir.2006).

Flores also contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) because it did not make sufficient findings in support of its conclusion that a minor role adjustment was not warranted. The court's statements were sufficient. *See United States v. Ingham,* 486 F.3d 1068, 1074 (9th Cir. 2007) (Rule 32 findings "need only state the court's resolution of the disputed issue[ ]") (internal quotation marks and citation omitted).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.